IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY RAY RISLEY, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-07-2081 |
| NATHANIEL QUARTERMAN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND OPINION**

The petitioner, Billy Ray Risley, filed suit under 28 U.S.C. § 2254 in June 2007, challenging his state-court conviction. On September 16, 2008, this court issued a memorandum and opinion granting the respondent's summary judgment motion and entering final judgment dismissed this action with prejudice. Risley filed a notice of appeal and on April 27, 2009, the Court of Appeals denied his request for a certificate of appealability, determining that he had failed to show that "jurists of reason would debate the correctness of the district court's denial of his claims: (1) that the victim gave hearsay testimony and counsel was ineffective for not objecting; (2) that counsel was ineffective for not seeking the appointment of a private investigator; (3) that jury selection violated *Batson v. Kentucky*, 476 U.S. 79 (1986); and (4) that all of his claims were exhausted. *Risley v. Quarterman*, No. 08-20644, slip op. at 2 (5th Cir. April 21, 2009). Risley now moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Docket Entry No. 32).

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Rule 60(b)(1), (2) and (3) motions may be filed up to one year after the judgment is entered, and "within a reasonable time" for all remaining grounds. *See* FED. R. CIV. P. 60(b). Under Rule 60(b)(6), a court may vacate a judgment only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new

> claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

Risley is asserting that this court improperly analyzed the hearsay claim that he raised in the section 2254 petition seeking habeas relief. To the extent that Risley argues that there is additional evidence to support his hearsay claim, or is raising a new claim, he is seeking to file a successive petition without the permission from the Fifth Circuit Court of Appeals required by AEDPA. This court lacks jurisdiction to consider such a claim. Title 28 U.S.C. section 2244(b)(3)(A) provides that before a second or successive application permitted by section 2244(b)(2) is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court).

To the extent Risley is asking this court to reconsider its prior ruling – after it has been affirmed by the court of appeals – he has failed to show grounds under Rule 60(b). In his motion, Risley reiterates several of the grounds raised in his original petition, which the court already analyzed in its decision dismissing his § 2254 petition. Risley has failed to establish "extraordinary circumstances" on which to vacate the judgment.

The motion for relief under Rule 60(b) is denied.

SIGNED on May 14, 2009, at Houston, Texas.

*Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge