IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY RAY RISLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2081 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Billy Ray Risley, filed suit under 28 U.S.C. § 2254 in June 2007, challenging his state-court conviction. On September 16, 2008, this court granted the respondent's summary judgment motion and dismissed this action with prejudice. Risley filed a notice of appeal. On April 27, 2009, the Court of Appeals denied his request for a certificate of appealability, because he had failed to show that "jurists of reason would debate the correctness of the district court's denial of his claims that: (1) the victim gave hearsay testimony and counsel was ineffective for not objecting; (2) his counsel was ineffective for not seeking the appointment of a private investigator; (3) the jury selection violated *Batson v. Kentucky*, 476 U.S. 79 (1986); and (4) all of his claims were exhausted. *Risley v. Quarterman,* No. 08-20644, slip op. at 2 (5th Cir. April 21, 2009). On May 19, 2009, this court denied Risley's motion for relief under Fed. R. Civ. P. 60(b). (Docket Entry No. 33).

Risley has filed a motion for reconsideration. (Docket Entry No. 34). He complains that this court failed to construe his pleadings liberally and failed to consider all of his claims. Risley states that he is not trying to introduce new evidence but "just trying to show this court a mistake that was made in regards to this hearsay testimonial statement." (Docket Entry No. 34, p. 2). Risley refers

to a statement by a restaurant manager to a police officer. (*Id.* at 3). Risley also renews his allegation that the complainant lied about the offense. (*Id.* at 7).

This court's order entered on May 19, 2009 analyzed Risley's claim under the standard for granting a motion under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 33, pp. 1-2). This court explained that relief is available under Rule 60(b) in habeas proceedings, but only in conformity with the AEDPA, including its limits on successive federal petitions.

Risley is asking this court to reconsider its prior rulings. This court has analyzed the claims Risley reasserts and found that they lacked merit. The Fifth Circuit has affirmed this court's judgment denying habeas relief. Risley has failed to show a basis for the relief he seeks. His motion is denied.

SIGNED on June 22, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge